[Civ. No. 2690. Third Appellate District.—July 3, 1923.]

## E. E. SHERWOOD, Respondent, v. CHARLES TURNER et al., Appellants.

[1] CONTRACTS — EXCHANGE OF LANDS — ASSUMPTION OF CROP MORTGAGE—USE OF PROCEEDS BY PLAINTIFF—EVIDENCE.—In an action to recover the difference between the amount allowed defendants as a credit for assuming a crop mortgage on certain real property conveyed to defendants by plaintiff pursuant to the terms of a contract of exchange and the amount actually due under said crop mortgage, it is immaterial what use plaintiff made of certain moneys advanced to him by the mortgagee shortly before the exchange of deeds, but after the agreement of exchange was signed, the amount due under the mortgage having remained less than defendants agreed to assume; and an objection to a question asked plaintiff on cross-examination by defendants' counsel as to what use he made of the moneys thus advanced is properly sustained.

[2] ID.—ALLOWANCE OF CREDIT IN EXCESS OF MORTGAGE—ACTION TO RECOVER DIFFERENCE—INSTRUCTIONS.—In such action, it being admitted that defendants agreed to accept plaintiff's property subject to a crop mortgage for a specified sum and that at the time of the exchange of deeds the amount due under said mortgage was a lesser sum, the jury is properly instructed that if they find that defendants were given credit for the amount specified in the agreement of exchange they shall award plaintiff the difference between the amount so credited and the lesser amount actually due under the mortgage.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Braswell for Appellants.

Guy Knupp for Respondent.

FINCH, P. J.—The defendants appeal from the judgment herein in favor of plaintiff. Several causes of action are stated in the complaint, but appellants attack but one of them on this appeal.

Relative to such cause of action, the complaint alleges that the parties entered into a contract for the exchange of certain lands owned by them respectively; that at the time of the execution of the contract "the crops of fruit growing upon the real property agreed to be conveyed to the defendants by the plaintiff and his said wife was subject to a crop mortgage in favor of the Producers Fruit Company of California, and it was expressly understood and agreed by and between the parties to said contract and provided in said contract that said real property should be taken subject to a crop mortgage in favor of said Producers Fruit Company of California in the sum of twenty thousand dollars, and in computing and determining the payments to be made under said contract, and at the time said payments were actually made and the instruments of conveyance executed by the plaintiff and his said wife to the defendants, said crop mortgage was computed and estimated at twenty thousand dollars, and said defendants received credit on the purchase price of the real property conveyed to them by the plaintiff and his said wife in the sum of twenty thousand dollars, and did not amount to any sum in excess of nineteen thousand six hundred forty-four and 57/100 dollars, and that by reason of the discrepancy between the agreed amount of said crop mortgage . . . and the actual amount thereof . . . there is due, owing and unpaid from said defendants to said plaintiff the sum of three hundred fifty-five and 43/100 dollars." The answer expressly admits the execution of the contract, the existence of the alleged crop mortgage and that "it was expressly understood and agreed by and between the parties

to said contract and provided in said contract that the said real property should be taken subject to a crop mortgage and in favor of said Producers Fruit Co. of Cal. in the sum of twenty thousand dollars; deny that in computing and determining payments to be made under said contract, said crop mortgage was computed and estimated at $20,000.00; deny that it was computed and estimated to be any greater sum than fourteen thousand dollars; deny that said defendants received credit on the purchase price of said real property conveyed to them by the plaintiff and his said wife in the sum of $20,000.'' The answer further alleges that the lands were conveyed to defendants subject to a crop mortgage of $14,000 only. The case was tried before a jury. Both parties introduced evidence tending to support their respective contentions and the jury rendered a verdict in favor of the plaintiff as prayed for in the complaint.

[1] It is contended that the court erred in sustaining objection to a question propounded to plaintiff on cross-examination. The answer alleges and respondent seems to concede that the crop mortgage referred to was given for the principal sum of $10,000, with a provision for future advances to the amount of $10,000 additional. At the time the contract to exchange properties was executed future advances had been made to the amount of $7,502.27. Thereafter and prior to the exchange of deeds the mortgagee advanced to the plaintiff the additional sum of $2,142.30. Referring to the last stated sum counsel for defendants asked the plaintiff: ''What did you do with the money you drew from the Producers Fruit Company?'' The court sustained plaintiff's objection to the question, saying: ''He claimed it as his own, so what he did with it is immaterial.'' The ruling was clearly right. Plaintiff made no claim that he had used the money for the benefit of defendants, or for anyone but himself. The only material question was whether plaintiff had the right to receive the money. It was immaterial what use he made of it.

[2] Appellant urges that the court erred in giving the following instruction:

''It is provided in the contract of April 19, 1921, that the real property to be conveyed by the plaintiff and his wife to the defendants shall be taken by the defendants subject to a crop mortgage in favor of the Producers Fruit Company in

the sum of Twenty Thousand Dollars ($20,000.00). It is admitted by the defendants that the amount due on the crop mortgage at the time the real property was conveyed was the sum of Nineteen Thousand Six Hundred Forty-four and 57–100 Dollars ($19,644.57). If you find from the evidence that the defendants were credited with the sum of Twenty Thousand Dollars ($20,000.00) on the purchase price of said real property because of the said crop mortgage, then you shall award plaintiff, on his third cause of action, the difference between the credit so received, namely, Twenty Thousand Dollars ($20,000), and the amount actually due on said mortgage, Nineteen Thousand and Six Hundred Forty-four and 57–100 Dollars ($19,644.57), or the sum of Three Hundred Fifty-five and 43–100 Dollars ($355.43.)''

The instruction correctly states the issues raised by the pleadings and the amount due upon the crop mortgage at the time the property was conveyed to defendants, as shown by undisputed evidence. No erroneous statement of law therein is pointed out and it seems to present the case fairly to the jury.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.